UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GEORGE E. LAMBERSON, | ) CV 11-10106-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This Matter is before the Court for review of the decision by the Commissioner of Social Security denying the plaintiff's application for Social Security Disability Insurance benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and

defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"]; Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Complaint ["Defendant's Brief"]), and the defendant has filed the Certified Administrative Record [AR].  After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

## I. PROCEEDINGS

On June 22, 2006, George Lamberson (Plaintiff) filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (AR 62-64, 247).  In Plaintiff's application, he alleged that he had been disabled since March 1, 2004.  (AR 62, 247).  Upon reviewing Plaintiff's application, the Social Security Administration (SSA) determined that Plaintiff did not qualify for DIB.  (AR 48, 247).  After reconsideration, the SSA again denied Plaintiff's application, on April 17, 2007.  (AR 41, 247).  Plaintiff then filed a request on June 11, 2007 for a hearing by an Administrative Law Judge (ALJ) (AR 40, 247).  The hearing was held on November 28, 2007.  (AR 247, 255).  At the hearing, Plaintiff and a vocational expert appeared before the ALJ.  (AR 247).

On December 20, 2007, the ALJ issued a decision affirming the SSA's denial of DIB.  (AR 244).  With regard to Plaintiff's subjective statements about his symptoms, the ALJ discussed numerous daily activities that Plaintiff testified he was capable of completing, which were inconsistent with a finding of total disability.  (AR 252).  With regard to Plaintiff's subjective statements about his pain, the ALJ highlighted his failure to seek out physical therapy or chiropractic treatment, and concluded that Plaintiff's testimony was not credible.  *Id.*

The Appeals Council remanded the matter to the ALJ on November 28, 2008 with instructions to reevaluate medical evidence from James K. Styner, M.D.  (AR 275).  Additionally, the Appeals Council ordered the ALJ to consider Plaintiff's newly submitted testimony from orthopedist Jeffrey A. Kantor, M.D.

(AR 275-76). Notably, the Appeals Council did not order that the ALJ revisit his credibility findings regarding the Plaintiff's subjective statements about his symptoms and level of pain. (AR 275-76).

After Dr. Styner reexamined Plaintiff for a second time in March 2009, the ALJ held a hearing on April 1, 2009. (AR 678). On July 20, 2009, the ALJ again denied Plaintiff DIB benefits. (AR 16).

The Appeals Council denied Plaintiff's request for a review of the July 20, 2009 decision, rendering the ALJ's July 20, 2009 opinion the final decision of the Commissioner. (AR 8.)

Plaintiff has filed this civil action for review of the ALJ's decision on two grounds: 1) The ALJ improperly rejected the medical evidence from Dr. James Styner; 2) The ALJ failed to provide legally sufficient reasons to reject Plaintiff's testimony about his subjective pain and symptoms. (Plaintiff's Brief at 4, 8).

## II. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971), but "less than a preponderance." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. *See Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973), *cert. denied*, *Torske v. Weinberger*, 417 U.S. 933, 94 S. Ct. 2646 (1974); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971). When represented by counsel, claimants must raise all issues and evidence at their administrative hearings to preserve them on appeal. *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g).

### III. DISCUSSION

A person is "disabled" for purposes of receiving benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not more than 12 months." 42 U.S.C. § 423(d)(1)(A) (1988). The plaintiff has the burden of establishing a prima facie case of disability. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992) (citing *Gallant v. Heckler*, 753 F.2d at 1452).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. At issue here is the Commissioner's finding at Step Five, which takes place after the Commissioner finds that the claimant cannot perform past relevant work. At Step Five, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2290-91 (1987).

///
///
///
///

**1. The ALJ Correctly Identified Dr. Styner As A Nontreating Physician**

**And Assigned Dr. Styner's Conclusions Proper Weight In Light Of Medical Evidence Inconsistent With His Opinions.**

A "treating physician," maintains an ongoing treatment relationship with his or her patient. 20 C.F.R. § 404.1502. A "nontreating source" is an acceptable medical practitioner who has examined a person for purposes of determining his or her disability benefits. *Id.* For purposes of assessing disability benefits, a treating physician's opinion is entitled to greater weight than that of an examining physician. *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Courts take this position because treating physicians are hired to cure, and have a better opportunity to know and observe the claimant as an individual. *Id*; *Connett v. Barnhard*, 340 F.3d 871, 874 (9th Cir. 2003); *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

An ALJ cannot "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests the opposite result." *Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984). *See also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, (9th Cir. 2008) ("[A] court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'") (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1988) (impermissible for ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports").

The ALJ correctly identified Dr. Styner as a nontreating source, (AR 24), and appropriately dismissed several of his contentions as overly speculative. Plaintiff's medical records demonstrate that Dr. Valentino and doctors of the High Desert Medical Group served as Plaintiff's treating physicians. (*See* AR 121-96, 219-43, 292-312, 342-667). Dr. Valentino maintained an ongoing treating relationship with Plaintiff from 2007 to 2009, assessing Plaintiff's

medical condition, identifying proper treatment, providing medication refills, and referring Plaintiff to other doctors when necessary. (*See* AR 292-312, 342-667).

In contrast to Dr. Valentino, the Record contains evidence of only two consultations between Plaintiff and Dr. Styner. (AR 196-216, 318-41). On both occasions, Dr. Styner noted that he was seeing Plaintiff for the purposes of a Social Security Disability evaluation, an action which squarely qualifies Dr. Styner as a nontreating source under 20 C.F.R. § 404.1502. (AR 318, 319). Therefore, the ALJ properly classified Dr. Styner, (AR 24), and assigned greater weight to the opinions of Dr. Valentino.

The treating physician's observations should be given great weight because they are corroborated by other medical evidence suggesting Plaintiff is not disabled. In 2007, Plaintiff's examining neurologist Dr. Austin Colohan found no focal or sensory abnormalities in Plaintiff's upper and lower extremities. (AR 242). In 2008, examining orthopedist Dr. Jeffrey A. Kantor took X-rays and performed a physical examination of Plaintiff. (AR 314-15). Although X-rays showed evidence of tricompartmental degenerative joint disease, Dr. Kantor noted that Plaintiff appeared "to be in no acute distress," with his sensations intact, and that he was capable of walking on his toes and heels. (AR 315). Dr. Valentino's 2009 examination of Plaintiff documented that Plaintiff's extremities and neurological state also appeared normal. (AR 342, 349). Because Dr. Colohan and Dr. Kantor's medical evidence supported Dr. Valentino's assessments, the ALJ appropriately gave the treating physician's evidence great weight.

Moreover, the ALJ identified a statement from Dr. Styner that plainly suggests that Plaintiff is not disabled. Despite Dr. Styner's belief that Plaintiff has been disabled since January 2006, (AR 206), Dr. Styner said in his March 2009 evaluation that Plaintiff would be "unable to work in the open labor market at any level above light work." (Defendant's Brief at 4, AR 23, 327). Here, Dr.

Styner may have confused worker compensation disability regulations with Social Security regulations. (Defendant's Brief at 4, AR 23). Regardless, Plaintiff is not disabled so long as he can still perform other work, albeit light and sedentary. *Id.* Therefore, Dr. Styner's statement weighs in favor of finding Plaintiff not disabled.

Additionally, Dr. Styner made relatively mild findings about Plaintiff's medical condition which were confirmed by Dr. Kantor and Plaintiff's other physicians. For example, in 2007, Dr. Styner observed that Plaintiff had full motor power in his upper and lower extremities, including normal sensation and reflexes. (Defendant's Brief at 3, AR 23, 201-03). In 2008, between Dr. Kantor and a radiologist referred to Plaintiff by Dr. Valentino, Plaintiff's hips, ankles, joints, and soft tissues were found to be "unremarkable," (AR 23, 24, 315, 360, 361). Plaintiff's radiologist also concluded that Plaintiff's knees showed only "moderate" osteoarthritis. (AR 23, 294, 295). Although Dr. Kantor noted that Plaintiff could benefit from bilateral knee replacement surgery, (AR 315), Dr. Styner in 2009 encouraged Plaintiff to delay such a procedure, perhaps indicating that Plaintiff's condition was not debilitating. (AR 326-27). Further, Dr. Styner noted that by 2009, Plaintiff's range of motion in his knees had merely "decreased." (AR 23, 327). Overall, Dr. Styner's medical observations do not contribute evidence that Plaintiff is disabled.

Substantial evidence supports the ALJ's analysis of Dr. Styner's medical evidence. Dr. Valentino and the High Desert Medical Group, not Dr. Styner, served as Plaintiff's treating physicians. Because Dr. Valentino's findings are consistent with other medical data in the record, the ALJ gave proper weight to his observations which suggest that Plaintiff is not disabled. Viewing the record as a whole, the ALJ identified statements and mild findings from Dr. Styner and other physicians which also suggest that the Plaintiff is not disabled. Therefore, substantial evidence supports the ALJ's consideration of Dr. Styner's testimony.

### 2. The ALJ Provided Explicit And Cogent Reasons To Reject Plaintiff's Subjective Testimony About Plaintiff's Pain And Symptoms.

The Commissioner's assessment of the plaintiff's credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). Whenever an ALJ's evaluation of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). To determine whether the plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a proscribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). *See also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (listing factors such as (1) a claimant's reputation for truthfulness; (2) inconsistencies either in testimony or between claimant's testimony and claimant's conduct; (3) claimant's daily activities; (4) claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Valentine v Commissioner*, 574 F.3d 685, 693 (9th Cir. 2009). Although disability claimants should not be penalized for trying to lead normal lives despite their limitations, when the level of their activities are inconsistent with their claimed limitations, those activities have bearing on the claimants' credibility. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). If the Commissioner chooses to disregard plaintiff's testimony, the Commissioner must set forth specific cogent reasons

for disbelieving it. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The ALJ's comments regarding Plaintiff's behavior during the April 1, 2009 hearing do not form the sole basis for the ALJ's opinion that Plaintiff is not credible. The ALJ made several observations about Plaintiff in his 2009 decision, including Plaintiff's use of a cane despite having no prescription for it, and Plaintiff's unclear responses to the ALJ's questions about his age and educational background. (AR 24). However the ALJ only "note[d]" these items in his opinion. *Id.* The ALJ made additional findings about Plaintiff's credibility in his 2007 decision, which he incorporated by reference in his 2009 decision.[1] (Defendant's Brief at 9, AR 22). Therefore, it is a reasonable inference that the ALJ intended for his observations about Plaintiff's cane and unclear responses to supplement his 2007 findings.

The Court accepts in part the ALJ's credibility findings from his 2007 decision. In the 2007 decision, the ALJ stated that a truly "disabled" person could not perform the normal daily chores and activities that Plaintiff testified he was conducting at home. These activities included "bathing, grooming, household chores, shopping, and car-driving." (AR 252). Further, the ALJ found that Plaintiff's treatment record, which included, "no history of physical therapy, chiropractic treatment, epidural injection, referral to a pain management specialist, or surgical intervention", and medication inconsistent with serious pain, did not support Plaintiff's allegations of physical suffering. (AR 252).

The ALJ did not err in failing to document Plaintiff's work history.

---

[1] The court agrees with Plaintiff that Defendant cannot substitute its own *post hoc* analysis about the Plaintiff's credibility if the ALJ failed to explicitly lay out his conclusions. (Plaintiff Brief at 14-15). However, here, the ALJ incorporated his 2007 decision which contributed additional credibility findings.

1  Plaintiff argues that his exemplary work history is probative of his credibility
2  about his pain and symptoms.  (Plaintiff's Brief at 12-13).  Plaintiff further
3  contends the ALJ erred in failing to account for Plaintiff's good work history
4  because courts often make liberal use of bad work history for purposes of finding
5  a claimant not credible.  (Plaintiff's Brief at 13, fn. 3).  Even if Plaintiff's work
6  history is commendable, Plaintiff has not cited any case law that requires an ALJ
7  to elevate work history to a dispositive  factor, or to discuss it in his ruling if it is
8  not necessary to do so.  Here, the ALJ made explicit findings in recognition of
9  other credibility factors, such as Plaintiff's failure to seek appropriate treatment,
10 and Plaintiff's less than candid behavior at an administrative hearing.  (AR 24).
11 Therefore, we do not find Plaintiff's argument regarding his work history
12 persuasive.

13       Where the Court pays great deference to the ALJ's credibility
14 determination, substantial evidence supports the ALJ's findings about Plaintiff's
15 subjective testimony.  The ALJ's credibility findings consist of observations
16 from both his 2007 and 2009 decisions.   Additionally, the Court does not
17 compel the ALJ to document Plaintiff's work history because the ALJ supported
18 his conclusion that Plaintiff is not credible by focusing on other acceptable
19 factors.  From Plaintiff's treatment record, to his questionable use of a cane
20 during an administrative proceeding, to his unclear testimony about his education
21 and age, the Court finds that the ALJ supplied explicit and cogent reasons to
22 reject the Plaintiff's subjective testimony.  Therefore, the Court finds that
23 substantial evidence supports the ALJ's decision regarding the Plaintiff's
24 credibility.

## CONCLUSION

26       In sum, we find the ALJ's decision neither lacks substantial evidence nor
27 contains legal error.  Plaintiff's two contentions fail.  The ALJ did not
28 improperly reject Dr. Styner's medical evidence.  The ALJ also provided legally

sufficient reasons for finding Plaintiff's testimony about his pain and symptoms not credible.

For the foregoing reasons, the decision of the Commissioner is affirmed, and the Complaint is dismissed.

DATED: September 28, 2012

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE